SHINER ET AL., APPELLANTS, *v.* EDCO DRILLING & PRODUCTION, INC., APPELLEE.

(No. 1283 — Decided December 30, 1986.)

*Daniel D. Wilt,* for appellants.
*Joseph Lonardo* and *John K. Keller,* for appellee.

COOK, J. In 1985, appellee, Edco Drilling and Production, Inc., applied to the Ohio Department of Natural Resources, Division of Oil and Gas ("the division"), for permits to convert two Pierpont Township site wells into brine injection wells for the disposal of salt water, a natural by-product of crude oil and natural gas.

On August 26, 1985, appellee caused to be published a legal notice of its application to convert the two wells, in accordance with Ohio Adm. Code 1501:9-3-06. Appellants, Allen Shiner and twenty other property owners and/or residents, filed objections to the granting of these permits with the division. A hearing by the chief of the division was conducted on September 19, 1985.

On November 20, 1985, the chief of the division issued two permits to convert the two existing Pierpont site wells into brine injection wells. The appellants filed a notice of appeal to the Oil and Gas Board of Review, Ohio Department of Natural Resources, but failed to request a stay. Thereupon, appellee began construction work to convert the wells into injection wells.

On March 28, 1986, appellants filed a complaint in the Ashtabula County Court of Common Pleas alleging that the permits had been issued without a hearing, as required by R.C. 119.06, and therefore were invalid. Appellants asked the court for a temporary restraining order, preliminary injunction and permanent injunction. The trial court granted the temporary restraining order and set the case for a hearing.

On April 10, 1986, following a hearing on appellants' requests for preliminary and permanent injunctive relief, the trial court denied appellants' requests.

Appellants have appealed the judgment of the trial court and have filed the following assignment of error:

"The trial court erred in denying plaintiff[s]-appellants' motion for preliminary injunction and dismissing plaintiff[s]-appellants' complaint for permanent injunction."

The assigned error is without merit.

Appellants contend that they were entitled to a formal adjudicatory hearing as required by R.C. 119.06 before the Chief of the Division of Oil and Gas could issue permits to convert the wells for brine injection, and that the September 19, 1985 public hearing with the chief did not meet the requirements of the statute. Appellants argue that the permits issued were improper and void, and that the trial court should have issued an injunction permanently enjoining appellee from constructing a brine injection well.

It is undisputed that the Division of Oil and Gas is subject to the strictures of R.C. 119.01 to 119.13. R.C. 119.06 reads in pertinent part:

"The following adjudication orders shall be effective without a hearing:

"* * *

"(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal to a higher authority within such agency * * * and also give the appellant a right to a hearing on such appeal."

R.C. 1509.35 and 1509.36 provide appellants a right to appeal all orders granting salt water disposal permits to the Oil and Gas Board of Review, where a hearing is held on such appeals. Accordingly, as appellants have a right of appeal to a "higher authority" within the agency, and a right to a hearing on such appeals, the Chief of the Division of Oil and Gas can issue permits without a formal adjudicatory hearing.

We conclude that the trial court did not err in denying appellants' requests for preliminary and permanent injunctive relief, and, thus, affirm the judgment of the trial court.

*Judgment affirmed.*

DAHLING, P.J., and FORD, J., concur.